IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAQUIN ENRIQUE SOLORZANO | § | |
| | § | |
| v. | § | No. 3:23-cv-00119-G (BT) |
| | § | |
| YOLANDO VEGA ALFARO | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Yolando Vega Alfaro (Vega) initiated this *pro se* civil action—apparently against her husband, Joaquin Enrique Solorzano, based on facts arising from an incident of domestic violence. Vega, however, has failed to establish subject matter jurisdiction. Therefore, the Court should dismiss the case without prejudice.

**Background**

Vega initiated this lawsuit using the court-approved form for a *pro se* lawsuit, but she completed the form entirely in Spanish. Compl. (ECF No. 3). She also completed and filed a Civil Cover Sheet and attached copies of correspondence from the Social Security Administration (written in English). Compl. 4, 5. The correspondence identifies Solorzano as Vega's spouse. Compl. 5. Vega later supplemented her complaint with a copy of a Dallas Police Department Incident Report (written in English) describing an incident of domestic violence that occurred on December 10, 2022, in which Vega was the complainant. Supp. (ECF No. 5). The incident report also

1

identifies Solorzano as Vega's spouse. *Id*. On this record, the Court *sua sponte* considers whether it has subject-matter jurisdiction.

## Legal Standards

Federal courts have limited subject-matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject-matter jurisdiction); *see also MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time.").

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law ("federal question jurisdiction"), and (2) cases in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332(a) (diversity jurisdiction); *see also Home Depot U. S. A., Inc. v. Jackson*, 139 S.

2

Ct. 1743, 1746 (2019). There is a presumption against subject-matter jurisdiction, and it must be rebutted by the party filing an action in federal court. *See Coury*, 85 F.3d at 248. "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When determining whether federal-question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993). And when the asserted basis of federal jurisdiction is the diversity of the parties under § 1332, the party seeking to invoke federal diversity jurisdiction bears the burden of establishing that the parties are citizens of different states and the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Further, when a litigant is proceeding *pro se*, the court must liberally construe her pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than pleadings drafted by lawyers"); *see also*

3

*Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) ("Because [the party] is *pro se*, we construe his pleadings liberally.") (citing *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 & n.16 (5th Cir. 1996)); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990) (citing *Haines v. Kerner*, 404 U.S. 519 (1972), and noting that it calls for an expansive reading of *pro se* pleadings).

## Analysis

Here, Vega fails to sufficiently plead facts supporting federal question jurisdiction. Her complaint does not appear to reference any federal statute. The Incident Report Vega filed as a supplement to her complaint reveals that two police officers arrived at an apartment building in Dallas, Texas, on December 10, 2022, to respond to an assault/family violence incident between Vega, the victim, and her husband, Solorzano. Supp. ECF No. 5 at 2, 4. The responding officers arrested Solorzano in the parking lot of the couple's apartment building, and they escorted him to the Dallas Police Department. *Id.* at 5. To the extent Vega contends the resulting domestic violence charge provides a basis for this lawsuit, such matters arise under Texas state law. *See* Tex. Penal Code § 22.01. There is generally no federal question jurisdiction when the plaintiff pleads only a state law cause of action. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Vega also fails to plead facts demonstrating diversity jurisdiction exists. In her Civil Cover Sheet, Vega indicates that this lawsuit is based on

"diversity" jurisdiction. Compl. 4 (ECF No. 3). However, the Civil Cover Sheet denotes that Vega and Solorzano are both residents of Dallas, Texas. *Id.* And the Incident Report also identifies Vega and Solorzano as residents of Dallas, Texas. *See* (ECF No. 5 at 3). Vega further fails to show that the amount in controversy exceeds $75,000. *See Hartford Ins. Grp. v. Lou-Con, Inc.,* 293 F.3d 908, 910 (5th Cir. 2002) (noting the party invoking federal jurisdiction must establish the amount in controversy is above $75,000 by a preponderance of the evidence). Indeed, it is not entirely clear what—if any—relief Vega seeks by this lawsuit.

Even under the most liberal construction of her complaint, Vega has failed to allege facts supporting either federal question or diversity jurisdiction. Her complaint should therefore be dismissed *sua sponte* for lack of subject-matter jurisdiction.

## Conclusion

For the reasons stated, the Court should DISMISS this case without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED**.

February 17, 2023.

                                          REBECCA RUTHERFORD
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)